UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LEWIS GALLOWAY, | * | CIVIL ACTION |
| PETITIONER | * | |
| | * | NO. 25-cv-2574 |
| VERSUS | * | |
| | * | SECTION "R" (4) |
| TRAVIS DAY, WARDEN, | * | |
| RESPONDENT | * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

**OVERVIEW**

Lewis Galloway is a state prisoner incarcerated at the Rayburn Correctional Center in Angie, Louisiana. He is serving three concurrent sentences, the longest of which is thirty years, imposed as a result of his convictions for two counts of molestation of a juvenile (La. R.S. 14:81.2) and one count of sexual battery (La. R.S. 14:43.1). Galloway has petitioned this Court for a writ of habeas corpus, contending his incarceration is in violation of his rights under the United States Constitution.

Because Galloway's petition is untimely, the Court should dismiss the petition with prejudice and otherwise deny relief.

## TABLE OF CONTENTS

OVERVIEW.................................................................................................................1

PRELIMINARY MATTERS.....................................................................................3

TIMELINESS.............................................................................................................5

      1.     The one-year period of limitations commenced to run on
              July 31, 2017................................................................................................5

      2.     The one-year period of limitations expired on July 31, 2018.................5

      3.     The habeas corpus petition was filed December 26, 2025......................6

      4.     The petitioner shows no basis for excusing his non-compliance
              with the period of limitations..................................................................6

RESERVATION OF RIGHTS.....................................................................................7

CONCLUSION AND PRAYER..................................................................................7

CERTIFICATE OF SERVICE....................................................................................8

**PRELIMINARY MATTERS**

### 1.    Custody.

The respondent does not dispute that the petitioner is in custody.

### 2.    The state court record.

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

### 3.    The facts of the case.

The details of the petitioner's offense are not pertinent to the resolution of his petition.

### 4.    The petitioner's claims.

The claims raised in the habeas petition are not pertinent to the resolution of his petition.

### 5.    Facts relevant to the calculation of the period of limitations.

#### A.    Proceedings leading to conviction and sentence; direct review proceedings.

This prosecution was instituted by bill of information. SCR, Vol. 1, pg. 27 (bill of information); *id.* at pg. 205 (amended bill of information). The petitioner was tried by jury in May 2015 and sentenced in July 2015. SCR, Vol 6, pp. 41-55 (minute entries)

The petitioner appealed. The First Circuit Court of Appeal affirmed his convictions and sentences on April 15, 2016. The Louisiana Supreme Court denied writs on May 1, 2017. *State v. Galloway*, 15-1519 (La. App. 1 Cir. 4/15/16), 2016 WL 1535162, *writ denied*, 16-1050 (La. 5/01/17), 220 So.3d 744; SCR, Vols. 9-10. The petitioner did not seek certiorari review from the U.S. Supreme Court.

### B.    Collateral review proceedings.

The petitioner filed three applications for post-conviction relief, as follows:

1.    The petitioner's first application for post-conviction relief was submitted April 24, 2019. It was denied by the district court, and the petitioner's related applications for review were finally denied on March 9, 2021. *See* SCR, Vol. 3, pp. 1-32 & 36-44 (application and ruling); SCR, Vols. 11-13 (writ applications to the First Circuit Court of Appeal and to the Louisiana Supreme Court); *State v. Galloway*, 21-0063 (La. 3/09/21), 312 So.3d 561.

2.    The petitioner's second application for post-conviction relief is dated by him as having been submitted April 19, 2021.[1] It was denied by the district court, and the related application for supervisory review was denied by the First Circuit Court of Appeal on October 26, 2022. The petitioner did not seek further review from the Louisiana Supreme Court. *See* SCR, Vol. 5, pp. 2-6, 30-49, 54-55 (application, memorandum in support, and ruling); SCR, Vol. 14 (writ application to the First Circuit Court of Appeal); *State v. Galloway*, 21-1188 (La. App. 1 Cir. 10/26/22), 2022 WL 14794116.

3.    The petitioner's third application for post-conviction relief was submitted December 20, 2022. It was denied by the district court, and the petitioner's related applications for review were finally denied on March 5, 2024. See SCR, Vol. 5, pp. 65-89, 102-103 (district court pleadings and ruling); SCR, Vols. 15-16 (writ applications to the First Circuit Court of Appeal and to the Louisiana Supreme Court); *State v. Galloway*, 23-1022 (La. 3/05/24), 379 So.3d 1269.

---

[1]    The application itself and the memorandum in support both list a handwritten date of April 19, 2021 (SCR Vol. 5, pp. 6, 49) but was accompanied by a letter dated May 7, 2021 (SCR, Vol. 5, pg. 1).

<u>TIMELINESS</u>

The respondent submits that Galloway's habeas petition is time-barred.

**1.    The one-year period of limitations commenced to run on July 31, 2017.**

A petitioner must file a habeas corpus petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

As noted above, the First Circuit Court of Appeal affirmed the petitioner's convictions and sentences on April 15, 2016, and the Louisiana Supreme Court denied writs on May 1, 2017. The petitioner thereafter had ninety days in which to apply for certiorari review but did not do so. The date upon which the judgment became final is <u>July 30, 2017</u> because that is when his time for petitioning for certiorari expired. *See, e.g., Paredes v. Quarterman*, 574 F.3d 281, 287 & n. 4 (5th Cir. 2009).

The one-year period of limitations commenced to run the following day, <u>July 31, 2017</u>. In order for the instant habeas corpus petition to be timely, the petitioner had to file it on or before <u>July 31, 2018</u> unless the one-year period was extended through tolling.

**2.    The one-year period of limitations expired on July 31, 2018.**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "pending" from "the day it is filed through (and including) the day it is resolved." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009).

A review of the district court record shows that the petitioner did not file an

---

[2]    There are exceptions to this general rule, but none apply here.

application for State post-conviction or other collateral review (or anything else) on or before July 31, 2018.

He did file a number of pleadings, but the first such pleading was not filed until April 24, 2019. Those pleadings did not and could not toll the period of limitations because by then the period of limitations had already expired.

### 3. The habeas corpus petition was filed December 26, 2025.

The instant habeas corpus petition was filed December 26, 2025 (Rec. Doc. 1). It was not timely filed because December 26, 2025 is not on or before July 31, 2018.

### 4. The petitioner shows no basis for excusing his non-compliance with the period of limitations.

Equitable tolling of the one-year period of limitations is warranted when petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (citation omitted). There is no basis for concluding that either of these things occurred in this case.

The one-year period of limitations may also be bypassed upon a showing of actual innocence based upon "new reliable evidence" that was "not presented at trial." *See, e.g.*, *Floyd v. Vannoy*, 894 F.3d 143, 154-155 (5th Cir. 2018). The petitioner has presented no new evidence in support of a claim of factual innocence. He necessarily fails to make the showing necessary to authorize the Court to bypass the statute of limitations.

* * *

Lewis Galloway's habeas corpus petition was filed December 26, 2025 (Rec. Doc. 1). The period of limitations, however, expired on July 31, 2018  (§§ 1-2, above) and no exception to the period of limitations applies (§ 4, above). The habeas corpus petition is

therefore untimely.

## RESERVATION OF RIGHTS

The respondent, Travis Day, asserts that the petition of Lewis Galloway should be dismissed because his petition is untimely. Accordingly, the respondent does not address the issues of exhaustion, or procedural default, or the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

## CONCLUSION AND PRAYER

For the reasons explained above, the habeas corpus petition is untimely. Respondent therefore respectfully requests that this Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a copy, postage pre-paid, to:

>Lewis Galloway, DOC # 702112
>Rayburn Correctional Center
>27268 Hwy. 21 North
>Angie, LA 70426

This <u>20th</u> day of <u>March</u>, 20<u>26</u>, Covington, Louisiana.

<u>/s/ Matthew Caplan</u>
Matthew Caplan
Assistant District Attorney