**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LEWIS GALLOWAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2574** |
| **TRAVIS DAY, WARDEN** | **SECTION "R"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* **28 U.S.C. § 2254(e)(2)**.[1]

## I.    Factual and Procedural Background

Petitioner Lewis Galloway ("Galloway") is a convicted inmate incarcerated in the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana.[2] On November 16, 2012, Galloway was charged by Bill of Information in St. Tammany Parish with one count of aggravated incest, one count of molestation of a juvenile, and one count of sexual battery.[3] Galloway entered a plea of not guilty to the charges on December 3, 2012.[4] On April 20, 2015, the Bill of Information was amended to change the count of aggravated incest to one count of molestation of a juvenile,

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] ECF No. 1 at 1.

[3] ECF No. 12-1 at 27, Bill of Information, 11/16/12. The State electronically filed the state court record at ECF Nos. 12-1 through 12-16.

[4] ECF No. 12-6 at 17, Arraignment Minute Entry, 12/3/12.

therefore charging Galloway with two counts of molestation of a juvenile and one count of sexual battery.[5] Galloway entered a plea of not guilty to the amended charges on May 5, 2015.[6]

The record reflects that in 2009 Galloway and his wife were living in a home on West 25th Street in Covington, Louisiana.[7] While living there, victim H.A., Galloway's great-niece who was nine years old at the time, and victim J.P., Galloway's granddaughter who was ten years old at the time, would visit Galloway. At trial, H.A. testified that Galloway would play the "attic game" with her and J.P. H.A. stated that when Galloway would say the word "attic," both H.A. and J.P would lift their shirts for him. H.A. testified that this went on for several years. H.A. also testified that she touched Galloway's penis and that he touched her breasts. J.P. did not testify at trial, but H.A. stated that Galloway touched J.P.'s breasts on numerous occasions.

The third victim, C.A., who was H.A.'s older sister and was also Galloway's great-niece, visited Galloway numerous times from when she was nine to twelve years old. At trial, C.A. testified that Galloway would play the "attic game" with her as well. C.A. also testified that Galloway put his finger in her vagina. In another instance, C.A. testified that while her and Galloway were at the Tchefuncte Country Club, Galloway took her to the back of the club near the pump sheds, pulled down C.A.'s pants, and tried to have vaginal intercourse with her. C.A. testified that she stopped Galloway from actually engaging in sexual intercourse with her. Galloway did not testify at trial.

---

[5] ECF No. 12-1 at 205, Amended Bill of Information, 4/20/15.

[6] ECF No. 12-6, Minute Entry, 5/5/15.

[7] The facts were taken from the published opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Galloway*, No. 2015-KA-1519, 2016 WL 1535162, at *1 (La. App. 1st Cir. 2016); ECF No. 12-2 at 417, 1st Cir. Order, 2015-KA-1519, 4/15/16. Pursuant to La. Stat. Ann. § 46:1844(W)(1)(a), the state courts refer to the victims of sex crimes by their initials. This Court will do the same.

Galloway was tried before a jury on May 18-20, 2015, and found guilty as charged of two counts of molestation of a juvenile and one count of sexual battery.[8] Prior to sentencing, counsel for Galloway filed a motion requesting that the trial court depart from the mandatory minimum sentence.[9] Galloway also filed a *pro se* motion for new trial, a second motion for new trial for ineffective assistance of counsel, a motion for expungement of felony record, and a motion to postpone sentencing.[10] The state trial court denied Galloway's *pro se* motion for new trial on July 9, 2015.[11]

At a July 16, 2015, hearing, counsel for Galloway adopted his *pro se* motions and the state trial court denied the motion for downward departure and all of Galloway's remaining *pro se* motions.[12] At the same hearing, and after waiver of legal delays, the state trial court sentenced Galloway to serve 30 years in prison at hard labor on each count of molestation of a juvenile, concurrently, with the first 25 years of each sentence to be served without benefit of probation, parole or suspension of sentence, and 10 years in prison at hard labor on the count of sexual battery.[13] That same day, the state trial court granted Galloway's motion for appeal and appointment of appellate counsel.[14]

---

[8] ECF No. 12-6 at 41, Trial Minute Entry, 5/18/15; *id*. at 47, Trial Minute Entry, 5/19/15; *id*. at 51, Trial Minute Entry, 5/20/15; ECF No. 12-2 at 207, Trial Transcript, 5/18/15; *id*. at 94, Trial Transcript, 5/19/15; *id*. at 27, Trial Transcript, 5/18/15.

[9] ECF No. 12-1 at 293, Motion for Downward Departure, 7/13/15.

[10] ECF No. 12-1 at 257, Motion for New Trial, 6/29/15; *id*. at 279, Motion for New Trial for Ineffective Assistance of Counsel, 7/10/15; *id*. at 337, Motion for Expungement of Felony Record, 7/16/25; *id*. at 322, Motion to Postpone Sentencing, 7/14/15.

[11] *Id*. at 265, Order Denying Motion for New Trial, 7/9/15.

[12] ECF No. 12-3 at 33, Sentencing Minutes, 7/16/15.

[13] *Id*. at 34, Sentencing Minutes, 7/16/15.

[14] ECF No. 12-1 at 328, Motion For Appeal, 7/16/15.

On direct appeal, Galloway's appointed counsel argued that his sentence was constitutionally excessive. [15] On April 15, 2016, the Louisiana First Circuit Court of Appeal affirmed the convictions and sentences.[16]  The Court found no merit in Galloway's claim that his sentence was constitutionally excessive as there were no unusual circumstances that would justify a downward departure from the mandatory minimum sentence as required by Louisiana law.[17] The Louisiana Supreme Court denied Galloway's related writ application without stated reasons on May 1, 2017.[18]  Galloway's conviction and sentence became final 90 days later, on July 31, 2017, when he did not file a writ application with the United States Supreme Court.[19]  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

Almost two years later, on April 24, 2019, Galloway filed a *pro se* application for post-conviction relief with the state trial court asserting the following claims:[20] (1) denial of appellate review due to omissions of testimony of witnesses in the trial transcripts, (2) ineffective assistance of counsel through counsel's failure to subpoena witnesses, failure to investigate key witnesses, failure to impeach false testimony by the States's witnesses, failure to object to false statements by the prosecutor, by conceding his guilt without permission, and requiring his family to leave the

---

[15] ECF No. 12-9 at 21, Direct Appeal Brief, 2015-KA-1519, 10/22/15.

[16] *Galloway*, 2016 WL 1535162 at *4; ECF No. 12-2 at 422, 1st Cir. Order, 2015-KA-1519, 10/22/15.

[17] *Galloway*, 2016 WL 1535162 at *4.

[18] *State v. Galloway*, 220 So. 3d 744 (La. 2017); ECF No. 12-2 at 412. La. Sup. Ct. Order, 2016-KO-1050, 5/1/17.

[19] The filing period ended Sunday, July 30, 2017, causing the final day to fall to the next business day, Monday, July 31, 2017.  *See* Fed. R. Civ. Proc. 6(a)(1)(C); *see also* La. Code Crim. Proc. art. 13.

[20] ECF No. 12-3 at 3, Application for Post-Conviction Relief, 4/24/19; *id*. at 10, Memorandum in Support, 4/24/19.

courtroom, (3) prosecutorial misconduct by persuading the alleged victims to falsely testify under oath and by making false statements to the jury in closing arguments, (4) violations of federal and state law when an alleged victim, H.A., perjured herself on the stand, and (5) violations of federal and state law when an alleged victim, C.A., perjured herself on the stand.

On January 8, 2020, via judgment and reasons, the state trial court denied Galloway's application for post-conviction relief pursuant to La. Code Crim. Proc. art. 928.[21] The trial court found that Galloway failed to provide sufficient evidence of any inaccuracies in the trial transcripts besides a self-serving report of his memory and undisclosed trial notes.[22] As to his ineffective assistance of counsel claims, the trial court found that Galloway did not overcome the presumption that trial counsel's actions might be considered trial strategy, nor was there any evidence that trial counsel preventing Galloway's family from attending the trial.[23] The state trial court also found no evidence that the prosecutor suborned perjury from the State's witnesses, that Galloway was factually incorrect about the prosecutor's opening statement, and that the prosecutor's closing argument was in the scope of proper closing argument.[24] Finally, as to Galloway's claims that two of the victims perjured themselves, the state trial court concluded that Galloway's guilty verdicts indicated that the jury, after hearing the testimony and evaluating the credibility of the witnesses, accepted the victims' statements as true, and that Galloway confessed to committing at least one action that the jury found to be lewd or lascivious.[25]

---

[21] ECF No. 12-3 at 36, Trial Court Judgment, 1/8/20.
[22] *Id*. at 37.
[23] *Id*. at 41.
[24] *Id*. at 42-43.
[25] *Id*. at 43.

On September 28, 2020, the Louisiana First Circuit Court of Appeal denied Galloway's related writ application without stated reasons.[26] The Louisiana Supreme Court also denied Galloway's related writ application on March 9, 2021, finding that Galloway failed to show ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and citing La. Code Crim. Proc. art. 930.2.[27]

One month later, on April 14, 2021, Galloway filed a second application for post-conviction relief in the state trial court claiming that his non-unanimous jury verdict was unconstitutional in light of *Ramos v. Louisiana*, 590 U.S. 83 (2020).[28] On May 10, 2021, Galloway also filed a motion to stay his post-conviction proceedings in the state trial court after the United States Supreme Court granted certiorari in *Edwards v. Vannoy*, 590 U.S. 929 (2020).[29] On July 20, 2021, via judgment and reasons, the state trial court denied Galloway's motion to stay and second application for post-conviction relief without prejudice stating that *Ramos* did not apply retroactively on federal collateral review and that there was currently no right under Louisiana law to a retroactive application.[30]

On January 21, 2022, the Louisiana First Circuit Court of Appeal stayed Galloway's related writ application stating that the decision of whether to apply Ramos retroactively and grant post-conviction relief on state collateral review to defendants convicted by nonunanimous juries

---

[26] *State v. Galloway*, No. 2020-KW-0661, 2020 WL 5758347 (La. App. 1st. Cir. 2020); ECF No. 12-3 at 50, 1st Cir. Order, 2020-KW-0661, 9/28/20.

[27] *State v. Galloway*, 312 So. 3d 561 (La. 2021); ECF No. 12-13 at 1-2, La. Sup. Ct. Order, 2021-KH-00063, 3/9/21.

[28] ECF No. 12-5 at 2, Second Application for Post-Conviction Relief, 4/14/21; *id*. at 30, Memorandum in Support, 4/14/21.

[29] *Id*. at 50, Motion to Stay, 5/10/21.

[30] *Id*. at 54, Trial Court Judgment, 7/20/21.

remained with the Louisiana Supreme Court.[31] On October 26, 2022, the Louisiana First Circuit lifted the stay and denied Galloway's related writ application stating that *Ramos* does not apply retroactively in Louisiana citing to *State v. Reddick*, 351 So. 3d 273 (La. 2022).[32] It appears that Galloway did not seek further review from the Louisiana Supreme Court.

Almost two months later, on December 20, 2022, Galloway filed a third application for post-conviction relief in the state trial court claiming that he was factually innocent due to trial counsel's defective performance during trial, prosecutorial misconduct, and perjury by the alleged victims while on the stand.[33] On February 22, 2023, via judgment and reasons, the state trial court denied Galloway's application finding that he failed to present sufficient evidence for his factual innocence by raising the same arguments he presented in his first application for post-conviction relief and deemed his claims repetitive under La. Code Crim. Proc. art. 930.4(E).[34]

The Louisiana First Circuit Court of Appeal denied Galloway's related writ application on June 22, 2023, without stated reasons citing La. Code Crim. Proc. art. 926.2.[35] The Louisiana Supreme Court also denied Galloway's related writ application without stated reasons on March 5, 2024.[36]

---

[31] ECF No. 12-14, 1st Cir. Order, 2021-KW-1188, 1/21/22.

[32] *State v. Galloway*, No. 2021-KW-1188, 2022 WL 14794116 (La. App. 1st Cir. 2022); ECF No. 12-5 at 63, 1st Cir. Order, 2021-KW-1188, 10/26/22.

[33] ECF No. 12-5 at 65, Third Application for Post-Conviction Relief, 12/20/22; *id*. at 71, Memorandum in Support, 12/20/22.

[34] *Id*. at 102, Trial Court Judgment, 2/22/23.

[35] *State v. Galloway*, No. 2023-KW-0443, 2023 WL 4077901 (La. App. 1st Cir. 2023); ECF No. 12-5 at 110, 1st Cir. Order, 2023-KW-0443, 6/22/23.

[36] *State v. Galloway*, 379 So. 3d 1269 (La. 2024); ECF No. 12-16, La. Sup. Ct. Order, 2023-KH-01022, 3/5/24.

## II.     Federal Petition

On December 31, 2025, the clerk of this Court filed Galloway's federal petition for habeas corpus relief in which he asserts the following claim:[37] (1) he is factually innocent of his convictions due to trial counsel's ineffective assistance at trial, prosecutorial misconduct, and (2) perjury by the States's witnesses while on the stand at trial.

The State filed a response in opposition to Galloway's petition arguing that his federal petition was not timely filed.[38] Galloway did not file a reply to the State's opposition despite being given the opportunity to do so.

## III.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[39] applies to Galloway's petition, which is deemed filed in this Court under the mailbox rule on December 26, 2025.[40]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court

---

[37] ECF No. 1 at 4; ECF No. 1-1 at 1-59.

[38] ECF No. 13.

[39] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[40] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Galloway signed his petition on December 26, 2025. ECF No. 1 at 7. This is the earliest date appearing in the record on which he could have submitted his pleadings to prison officials for mailing to a court.

remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts, and the record shows, that Galloway's federal petition was not timely filed under the AEDPA. The limitation defense is dispositive of the case. Thus, for the following reasons, Galloway's petition should be dismissed as time-barred.

## IV.    Statute of Limitations

The AEDPA codified in 28 U.S.C. § 2244(d)(1) provides certain triggering events for the statute of limitations, including § 2244(d)(1)(A) which requires a petitioner to bring his § 2254 claim within one year of the date the state court conviction became final or when the factual predicate could have been discovered through the exercise of due diligence.[41] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Galloway's convictions were final on July 31, 2017, when he did not file a writ of certiorari in the United States Supreme Court. Under the literal terms of the AEDPA, Galloway had one year from that date, or until July 31, 2018, to file a timely federal application for habeas corpus relief. Galloway's current petition, deemed filed December

---

[41] The statute of limitations provision of the AEDPA at § 2244(d) also provides other trigger dates which do not apply here:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

A.        the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.        the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.        the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.        the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

26, 2025, was filed more than 9 years after his state court conviction became final and well after the AEDPA filing deadline expired on July 31, 2018. Galloway's federal petition, therefore, must be dismissed as untimely, unless the one-year grace period was interrupted or otherwise tolled in either of the two ways recognized in the applicable law in a sufficient manner to render his petition timely.

## A.      Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state court pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 214 (finding that a motion to withdraw a guilty plea is "other collateral review").

In Granger's case, the AEDPA filing period began to run on August 1, 2017, the day after his convictions were final. The period ran without interruption for one year, until July 31, 2018, when it expired. Galloway did not file a state application for post-conviction review until almost one year later, when he filed his first state application for post-conviction relief on April 24, 2019. None of Galloway's state court applications filed after expiration of the AEDPA one-year filing period provided him any tolling benefit and did not restart the AEDPA limitations clock. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a filing made after the expiration of the AEDPA one-year filing period does not renew or extend the AEDPA filing period or provide a petitioner any tolling benefits); *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015) (same); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Thus, at no time after

11

finality of his conviction did Galloway have a properly filed application for post-conviction or other collateral review pending in any state court to provide him statutory tolling.

Therefore, Galloway's federal petition, filed under the mailbox rule on December 26, 2025, was filed over seven years after the AEDPA one-year filing period expired on July 31, 2018. Galloway's untimely federal petition should be dismissed with prejudice.

**B.      Equitable Tolling**

The post-AEDPA jurisprudence also provides for equitable tolling of the AEDPA limitations period where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). However, equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary circumstance outside of his control from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *see Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a

timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's seventeen-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period). A habeas petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Galloway has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling provided for in the foregoing precedent. Galloway is not entitled to equitable tolling, and his petition should be dismissed as untimely filed.

### C.    <u>No Other Excuse or Exception Provided</u>

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" notwithstanding the "expiration of the statute of limitations" under the AEDPA. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* at 392, (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The Supreme Court, however, has cautioned that "[t]he miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is

more likely than not that no reasonable juror would have convicted [the petitioner].' " *Id.* at 394-95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The Supreme Court has made clear that "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *Schlup*, 513 U.S. at 321.

> The United States Fifth Circuit Court of Appeals has explained:

> This exception's demanding standard requires evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error. The standard is seldom met.

> An actual-innocence claim is only established when it is shown that, in the light of newly-discovered evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. Therefore, a credible claim must be supported by new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Actual innocence is then demonstrated only when the court scrutinizes the likely impact on reasonable jurors of the overall, newly supplemented record to conclude that, in the light of all evidence – both the evidence presented at trial and that newly discovered – no juror, acting reasonably, would have voted to find petitioner guilty beyond a reasonable doubt.

*Floyd v. Vannoy*, 894 F.3d 143, 154-55 (5th Cir. 2018) (citations, quotation marks, and brackets omitted).

Galloway does not invoke *McQuiggin*. Nor does he make the required showing. As the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is unavailable in the vast majority of cases, claims of actual innocence are rarely successful," and thus rejected "in virtually every case." *Schlup*, 513 U.S. at 324. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Galloway argues that he is factually innocent. In support of his claim, he alleges ineffective assistance of counsel due to his trial counsel's failure to 1) subpoena witnesses for trial, 2) effectively cross-examine witnesses, and 3) failure to investigate his case. Galloway further alleges prosecutorial misconduct and that the alleged victims perjuring themselves on the stand.

This argument is unpersuasive. Galloway's proposed "new" evidence in support of his factual innocence was already available at or before trial. That is fatal, because evidence that was available to "[a petitioner] or trial counsel at or before trial" does not qualify as "new." *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018); *accord Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019); *Uptergrove v. Director, TDCJ-CID*, No. 18-586, 2021 WL 3288296, at *2 (E.D. Tex. Jul. 30, 2021) ("In order for evidence to constitute new evidence that can support a claim of actual innocence and allow a petitioner to overcome the limitations period, it must have been unknown to counsel and *not discoverable with reasonable investigation.*" (emphasis added)); *see also Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (Higginson, J., on denial of a certificate of appealability) ("Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury."). The Fifth Circuit has indicated that this rule applies even where, as here, a petitioner claims that his counsel was ineffective for failing to use that available information. *See Tyler*, 768 F. App'x at 265.

Regardless, the evidence on which Galloway relies in no way established that Galloway did not commit these crimes.  Instead, at most, it might have given rise to reasonable doubt in the minds of some jurors. But that is not enough. "The meaning of actual innocence ... does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329; *accord Bosely*

*v. Cain*, 409 F.3d 657, 665 (5th Cir. 2005) ("At best, [petitioner]'s new evidence shows that a reasonable doubt could have been found to exist; it fails, however, to satisfy his burden of showing that no reasonable juror would have found him guilty."); *Crayton v. Cain*, No. 02-2162, 2013 WL 5305673, at *5 (E.D. La. Sept. 19, 2013) ("[A] petitioner does not make a colorable 'actual innocence' claim simply by showing that, in light of his new evidence, his guilt is questionable or that reasonable doubt is conceivable." (quotation marks omitted)).

For all of these reasons, Galloway has failed to establish that he qualifies as "actually innocent" under *McQuiggin*. As a result, the "actual innocence" exception does not aid him.

Galloway's federal petition deemed filed on December 26, 2025, was not timely filed within the AEDPA one-year filing period which expired on July 31, 2018. There is no statutory tolling, equitable tolling, or other exception applicable to or that would excuse Galloway's untimely filing. His petition was not timely filed and must be dismissed for that reason.

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Lewis Galloway's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[42]

New Orleans, Louisiana, this ___18th___ day of June, 2026.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[42] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.